IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ALT-A TRUST 2006-3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT ALLEN STROBEL, et al., <br><br> Defendants. | CIVIL NO. 14-00167 SOM/BMK <br><br> ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING THE RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII |

**ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING THE RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII**

**I.      INTRODUCTION.**

Defendants Scott Allen Strobel and Stephanie Ann Strobel (collectively, "Defendants") object to the Magistrate Judge's Findings and Recommendation to Grant Plaintiff's Motion to Remand Action Removed From the Circuit Court of the First Circuit, State of Hawaii ("F&R"). The court adopts the Findings in part and the Recommendation in full. The court remands this case to state court.

**II.     FACTUAL BACKGROUND.**

On February 19, 2013, Plaintiff U.S. Bank National Association, as Trustee for the Holders of the BEAR STEARNS ALT-A Trust 2006-3 Mortgage Pass-Through Certificates, Series 2006-3,

filed a Complaint in the Circuit Court of the First Circuit in the State of Hawaii.  ECF No. 10-3.  Defendants were served with the Complaint on August 4, 2013.  ECF No. 10-4; ECF No. 10-5.

On April 7, 2014, Defendants filed their Notice of Removal, which did not include a certificate of service.  ECF No. 1.  The court's docket sheet indicates that, on or about April 8, 2014, the Clerk of Court mailed a Notice of Electronic Filing of the Notice of Removal to Plaintiff's counsel.  Given the lack of a certificate of service, the Clerk used the Ala Moana Boulevard address listed on the Complaint as Plaintiff's counsel's address.  Plaintiff's counsel states that counsel did not receive the Notice of Removal.  ECF No. 10-2, PageID # 100.  Thereafter, there were a number of other docket entries in the case, including one for an Order Setting Rule 16 Scheduling Conference, with notices mailed by the Clerk of Court to Plaintiff's counsel at the Ala Moana Boulevard address.  See ECF Nos. 2, 3, 4, 5.

Plaintiff's counsel failed to appear at the Rule 16 Scheduling Conference on May 12, 2014, causing the Magistrate Judge to issue an Order To Show Cause why sanctions, including dismissal of the case, should not issue.  ECF No. 6.  The Order To Show Cause and the minutes of the May 12 scheduling conference appear to have been mailed to Plaintiff's counsel on or about May 13, 2014.  On June 2, 2014, Plaintiff responded to the Order To Show Cause, explaining that Plaintiff's counsel had not received

2

the Notice of Removal or the Order Setting Rule 16 Scheduling Conference. ECF No. 8. The address listed by Plaintiff's counsel on the response to the Order To Show Cause is a Bishop Street address, not the Ala Moana Boulevard address that the Clerk of Court had taken from the Complaint filed in state court by Plaintiff's counsel.

On June 13, 2014, Plaintiff filed its motion seeking a remand of this action to state court. Plaintiff argued that the removal was untimely and that Defendants had failed to serve the Notice of Removal. ECF No. 10-1. Defendants filed no opposition to the motion to remand, which was addressed without a hearing.

Magistrate Judge Barry M. Kurren filed his F&R on July 22, 2014, recommending that Plaintiff's motion be granted. ECF No. 14.

On August 4, 2014, Defendants filed objections to the F&R, emphasizing their pro se status, discussing the procedural history of this action, and contending that they had served the Notice of Removal on Plaintiff. ECF No. 15. Defendants also claimed that they had failed to respond to Plaintiff's motion to remand because they had not been served with the motion.[1] Id.,

---

[1] Defendants' assertion that they were not served with the motion to remand is not an objection to any specific portion of the F&R. Defendants do not identify anything specific that the alleged lack of service prevented them from arguing in what would have been their opposition that they are unable to argue, or have not argued, in their objections to the F&R.

3

PageID # 141.

**III.   STANDARD.**

The court reviews *de novo* those portions of a Magistrate Judge's findings and recommendation to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2.  The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

**IV.   ANALYSIS.**

   **A.   Timeliness of the Notice of Removal.**

This court agrees with the Magistrate Judge that Defendants' Notice of Removal was untimely.  Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed *within 30 days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  (Emphasis added).  Defendants were served with the Complaint on August 4, 2013, but did not file their Notice of Removal until April 7, 2014, far past the thirty-day period permitted under 28 U.S.C. § 1446(b).

In response, Defendants state that they are proceeding pro se and must, therefore, be treated with leniency and "held to a less stringent standard."  ECF No. 15, PageID # 138.  Pro se

4

status, however, does not excuse the filing of a Notice of Removal more than eight months late.

In their objections, Defendants also discuss matters that occurred in the state court, but the events described are not relevant to the timeliness of the Notice of Removal.

Defendants' Notice of Removal was untimely, and the action is remanded to state court on that basis. <u>Countrywide Home Loans, Inc. v. Church of Hawaii Nei</u>, Civ. No. 06-00250 JMS/LEK, 2006 WL 2338211, at *3 (D. Haw. Aug. 9, 2006) ("Since Defendant filed the notice of removal more than thirty days after service of the Complaint, remand to state court is appropriate.").

### B. Compliance with 28 U.S.C. § 1446(d).

The Magistrate Judge also determined that Defendants had failed to comply with 28 U.S.C. § 1446(d), which requires a defendant to provide written notice of a notice of removal to all adverse parties "promptly after [its] filing." No certificate of service is associated with the Notice of Removal. See ECF No. 1.

In their objections to the F&R, Defendants state, "Defendants did serve a copy of . . . a Notice of Removal," but they do not indicate when or how service was accomplished and submit neither supporting documentation nor any declaration in that regard. ECF No. 15, PageID # 140. It may be that, as the Magistrate Judge found, Defendants failed to serve the Notice of

5

Removal, but adoption of that finding is unnecessary to the present ruling given the court's determination that the removal was untimely. Furthermore, the court cannot tell from the record whether Plaintiff's counsel had provided an updated address to Defendants before Defendants filed their Notice of Removal. This court has the Complaint, filed on February 19, 2013, bearing counsel's Ala Moana Boulevard address. Counsel may, before the case was removed, have notified the state court and Defendants of counsel's new Bishop Street address. However, if that did not occur, then the Notice of Removal might not have reached Plaintiff's counsel even if it had been served by Defendants. Under the circumstances, this court hesitates to rely on a failure to serve in ordering the case remanded.

Defendants' objections regarding their pro se status and the events occurring in state court offer them no support. Proceeding pro se does not automatically excuse defects in removal, and the cited events in state court are not relevant to compliance with 28 U.S.C. § 1446(d).

### C. Timeliness of Plaintiff's Motion to Remand.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Plaintiff filed its motion to remand this action based on defects other than subject

6

matter jurisdiction on June 13, 2014, more than 30 days after the Notice of Removal was filed on April 7, 2014.

However, Plaintiff contends that it was not served with the Notice of Removal and did not receive any notice that Defendants had removed the case until the Magistrate Judge filed an Order to Show Cause after Plaintiff's counsel failed to appear at a Rule 16 Scheduling Conference.  ECF No, 10-1, PageID # 98; see ECF No. 6.  It appears that the Order to Show Cause and the minutes concerning that document were posted to the docket on May 13, 2014, and mailed to Plaintiff's counsel on the same date. See ECF No. 6  Even if the court treats May 13, 2014, the filing date of the documents Plaintiff says informed Plaintiff of the removal, as a substitute for the filing date of the Notice of Removal for purposes of 28 U.S.C. § 1447(c), Plaintiff is a day tardy.  Of course, as noted above, Defendants contend that they did serve the Notice of Removal on Plaintiff's counsel.  If Defendants did serve the Notice of Removal, Plaintiff's motion to remand was about a month late.  Whether Plaintiff was or was not served with the Notice of Removal by Defendants, Defendants' tardiness in removing the case far exceeds Plaintiff's tardiness in seeking remand.  The court, weighing the differing periods of tardiness, remands this case.

**V.      CONCLUSION.**

Because Defendants' Notice of Removal was untimely, the

7

court adopts the F&R to the extent it addresses the issue of Defendants' untimeliness and remands the case to state court. The Clerk of Court is directed to close this case and to send a certified copy of this order to the Clerk of the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

U.S. Bank National Association, as Trustee for the Holders of the BEAR STEARNS ALT-A Trust 2006-3 Mortgage Pass-Through Certificates, Series 2006-3 v. Strobel, et al., Civ. No. 14-00167 SOM/BMK; ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING THE RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII